United States District Court
Southern District of Texas
**ENTERED**
May 19, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HILARIO HERNANDEZ-MUNOZ, Movant, | § § § | |
| v. | § § | Case No. 1:13-cv-201 (Criminal No. 1:12-cr-076-1) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court is in receipt of Hilario Hernandez-Munoz's "Motion to Withdraw Petition," (hereinafter, Hernandez-Munoz's "Motion to Withdraw"), which was filed by his court-appointed counsel, on March 7, 2017. Dkt. No. 60. In his Motion to Withdraw, Hernandez-Munoz seeks to withdraw his pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Hernandez-Munoz's "§ 2255 Motion"). Dkt. No. 1. It is recommended that the Court grant Hernandez-Munoz's Motion to Withdraw and, that Hernandez-Munoz's § 2255 Motion be dismissed with prejudice.

### I. Jurisdiction

Hernandez-Munoz is challenging the judgment of conviction and sentence entered by this Court on January 4, 2013. *See United States of America v. Hernandez-Munoz*, No. 1:12-cr-076-1, Dkt. No. 93 at 1.[1] This Court has jurisdiction pursuant to 28 U.S.C. § 2255.

---

[1] Hereinafter, Hernandez-Munoz's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

## II. Background and Procedural History

On June 20, 2012, Hernandez-Munoz pleaded guilty to possession with intent to distribute more than 50 kilograms, that is, approximately 81.5 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. CR Dkt. No. 93 at 1. On December 6, 2012, United States District Judge Hilda Tagle sentenced Hernandez-Munoz to 51 months of imprisonment. *Id*. at 2-3. The Court also imposed a three-year term of supervised release. *Id*. Judgment was entered on January 4, 2013. *Id*. at 1. Hernandez-Munoz twice filed untimely appeals with the United States Court of Appeals for the Fifth Circuit, which were dismissed on April 21, 2014, and February 6, 2015. CR Dkt. Nos. 124, 143.

On October 21, 2013, Hernandez-Munoz filed his instant § 2255 Motion. Dkt. No. 1 at 6.[2] In his § 2255 Motion, Hernandez-Munoz alleges that: (1) the Government coerced him to take a plea bargain; (2) his trial counsel, Ignacio G. Martinez, provided ineffective assistance by failing to investigate specific allegations that the Government made against Hernandez-Munoz's character; and (3) the Government "mismanaged" the case by threatening that Hernandez-Munoz would receive 20 years imprisonment if he did not take the plea deal and by "assum[ing] [the] defendant is the 'TALIBAN.'" *See* Dkt. No. 1 at 4-5. However, Hernandez-Munoz also asserted that his sentencing counsel, Nathaniel C. Perez,

---

[2] Hernandez-Munoz indicates that he placed his § 2255 Motion in the prison mailing system on October 21, 2013. Dkt. No. 1 at 13. The Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

"refused to appeal or to object to any argument, [and that] Counsel, Neat Perez told me that he was not going to do nothing for me that the case was to advanced." *Id.* at 3 (errors in original).

On November 12, 2013, the Court ordered the Government to respond to Hernandez-Munoz's § 2255 Motion. Dkt. No. 6. After the Government filed its response, the Court ordered attorney Perez to file an affidavit with the Court stating whether Perez advised Hernandez-Munoz of his appellate rights, and whether Hernandez-Munoz requested Perez to file an appeal on his behalf. Dkt. No. 21. Perez filed the affidavit on October 14, 2015. Dkt. No. 23. Hernandez-Munoz later notified the Court as to a change of address due to his release from FCI Williamsburg. *See* Dkt. No. 33. On August 4, 2016, the Court sought to confirm Hernandez-Munoz's current address and whether he still sought to prosecute his claims, noting his release from FCI Williamsburg. *See* Dkt. No. 34.

Hernandez-Munoz promptly notified the Court confirming his current mailing address and his continued intent to prosecute his claims. Dkt. No. 37. The Court then set an evidentiary hearing to take place on January 18, 2017, regarding Hernandez-Munoz's claim that Perez refused to file an appeal on his behalf. *See* Dkt. No. 38. The Court then appointed habeas counsel for Hernandez-Munoz to represent him in connection with the evidentiary hearing. *See id.* The evidentiary hearing was later reset to February 24, 2017. Dkt. No. 48. At the hearing, Hernandez-Munoz and Perez both testified regarding what took place during the course of representation. *See* Dkt. No. 58.

Shortly after the transcript of the evidentiary hearing was filed, through his court-appointed counsel, Hernandez-Munoz filed his instant Motion to Withdraw seeking to voluntarily withdraw his § 2255 Motion. *See* Dkt. No. 60. On March 9, 2017, as Hernandez-Munoz was appointed counsel for a limited purpose, the Court ordered Hernandez-Munoz to notify the Court within 14 days as to whether he wished to proceed with the Motion to Withdraw filed on his behalf. *See* Dkt. No. 61. The Court further notified Hernandez-Munoz that if he failed to respond, it would presume he wished to proceed with the withdrawal of his § 2255 Motion and its subsequent dismissal with prejudice. *See id*. Hernandez-Munoz did not file a response to the Court's order.[3]

### III. Discussion

A petitioner may voluntarily dismiss a § 2255 Petition without prejudice through Court order after the Government has responded. *See* FED R. CIV. P. 41(a)(2); *Estep v. United States*, 251 F.2d 579, 582-83 (5th Cir. 1958). Therefore, Hernandez-Munoz's Motion to Withdraw should be granted because he properly sought to move the Court to withdraw his claims. *See* Dkt. No. 60. However, Rule 41(a)(1)(B) notwithstanding, granting Hernandez-Munoz's Motion to Withdraw would in effect dismiss his claims with prejudice, as any refiling of his § 2255 Motion would be time-barred pursuant to 28 U.S.C. § 2255(f)(1). *See United States v. Patterson*, 211 F.3d 927, 930 n.4 (5th Cir. 2000); 28 U.S.C. § 2255(f)(1).

---

[3] To date, Hernandez-Munoz has not filed any response to the Court's Order. *Docket Sheet in Hilario Hernandez-Munoz v. United States of America Case No. 1:13-cv-201*, S.D.TX CM-ECF, https://ecf-d.txs.circ5.dcn/cgi-bin/DktRpt.pl?567861714032989-L_1_0-1 (last visited May 18, 2017).

## V. Recommendation

It is recommended that the Court **GRANT** Hernandez-Munoz's Motion to Withdraw, resulting in the claims contained in his § 2255 Motion to be dismissed with prejudice.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

SIGNED on this 19th day of May, 2017.

                                             **Ignacio Torteya, III**
                                             **United States Magistrate Judge**